| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE NOBLE SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF NOBLE ) | | CAUSE NO._____ |

JENICA L. WATKINS,           )
                             )
        Plaintiff,           )
                             )
    v.                       )
                             )
CITY OF LIGONIER, AND        )
OFFICER BRAYDON D. BECKER    )
#PE1097                      )
                             )
        Defendants.          )

## COMPLAINT

Plaintiff alleges against Defendants that:

## COUNT I

1. The Plaintiff is Jenica L. Watkins, a resident of Noble County, state of Indiana.

2. On or about Friday, August 4, 2023, around 8:30 p.m., Plaintiff was driving her vehicle towards Albion, Indiana after leaving the City of Ligonier.

3. Officer Braydon D. Becker #PE1097 stopped Plaintiff for speeding.

4. Additional officers were called for backup.

5. Plaintiff was driving with a passenger, Jonathon Aza.

6. The officers told Jonathon Aza to get out of the car.

7. The officers forcibly removed Jonathon Aza from the car. Concerned about how the officers were treating Mr. Aza, Plaintiff Jenica L. Watkins used her cellphone to record what she thought was excessive force against Mr. Aza. At all times, Plaintiff Jenica Watkins was part of the criminal scene – she had been driving the car, she was part of the

occurrence and events that were happening, and she was in the process of recording those events via her cellphone video.

8. Jenica L. Watkins told Mr. Aza to calm down and that she was recording the officer's conduct, which was an exercise of her First Amendment Rights. Defendants, Officer Brayden D. Becker then hit the Plaintiff on the right side of her head, and as he hit Plaintiff, he told her to get back, but during this time she kept recording.

9. Defendant Becker then ordered Plaintiff to surrender her phone, turn around, and he put Plaintiff in handcuffs. Officer Becker forced Plaintiff to stand while the officers searched her vehicle over her objections.

10. Plaintiff advised the officers that she had a gun that was hers and that the gun was in her purse. Defendant Becker seized Plaintiff's handgun (black Sig Sauer SP 2022 9 mm, serial # 24 B 251028). Defendant Becker and the city of Ligonier had retained the gun and had not yet returned it to Plaintiff. Plaintiff claims that the gun has been unconstitutionally seized and taken without reason and without due process. Plaintiff demands a return of her property. Defendant's unlawful taking of Plaintiff's gun violated her constitutional rights under the Forth and Fourteenth Amendments of the United States Constitution.

11. At all times Defendant Becker was acting in his individual capacity as a police officer for the city of Ligonier; he was acting under color of law pursuant to the rules, statutes, and ordinances of the state of Indiana and the city of Ligonier. At all times he acted intentionally and in reckless disregard of Plaintiff's federally protected civil rights when he used excessive force against the Plaintiff by striking her in the face simply because she was recording what she perceived to be police misconduct; Defendant Becker is liable to

    the Plaintiff for using excessive and unreasonable force in violation of the Fourth Amendment of the United States Constitution; Defendant Becker is liable to the Plaintiff for retaliating against her because she was exercising her First Amendments rights under the United States Constitution by using her cell phone to record an officer performing his official duties.

12. As a result, Plaintiff suffered physical pain, emotional distress, mental suffering, and other damages and injuries for which she seeks compensatory damages. Defendant Becker acted intentionally and in reckless disregard of Plaintiff's federally protected civil rights, warranting an imposition of punitive damages. Becker battered the Plaintiff making Ligonier liable for assault and battery. See Tort Claim Notice, Exhibit A.

13. At all times, Officer Brayden D. Becker was operating as a person under color of law in his individual capacity as a City of Ligonier Police Officer, and he is liable to the Plaintiff under 42 U.S.C § 1983 for violating Plaintiff's right to be free from excessive and unreasonable force under the Fourth Amendment of the United States Constitution, and when he retaliated against the Plaintiff and attempted to punish her for exercising her rights under the First Amendment to record him while he was performing his official functions as a police officer. He is also liable for seizing Plaintiff's personal property and retaining her property without due process of law.

WHEREFORE, Plaintiff prays for judgment against Officer Brayden D. Becker for compensatory damages, punitive damages, reasonable attorney's fees and costs under the Fourth and First Amendments of the United States Constitution and 42 U.S.C § 1983, as well as taking and retaining Plaintiff's personal property (gun) in violation of her rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as costs of the action.

## COUNT II—CLASS ACTION

Plaintiff alleges against Defendants Brayden D. Becker and City of Ligonier as follows in Count II of her Complaint:

14. Plaintiff incorporates herein Paragraphs 1-13 into this Count II of Plaintiff's Complaint.

15. Defendant City of Ligonier is a municipality in the state of Indiana and operates a police force, and Defendant Brayden D. Becker was a police officer for the City of Ligonier on August 4, 2023.

16. In this Count II, Defendant City of Ligonier is sued in its official capacity as having unconstitutional policies, customs, procedures, and practices with respect to towing and impounding vehicles after or upon the arrest of the driver who requested and directed the police officers to release her vehicle to family members (mother and grandmother) who arrived to drive away Plaintiff's vehicle rather than have the vehicle impounded and towed. Plaintiff claims that the City of Ligonier violated Plaintiff's Fourth Amendment protection against unreasonable seizures.

17. After Officer Becker and other officers for the City of Ligonier detained the Plaintiff, Plaintiff called her mother and grandmother, both of whom came to the scene. Plaintiff directed them to remove her vehicle from the scene. Both the mother and grandmother were licensed drivers and had proof of insurance.

18. Defendant City of Ligonier has an unconstitutional practice, custom, procedure, or policy wherein it automatically tows and impounds vehicles after a traffic stop when the driver is arrested. Plaintiff claims that Brayden D. Becker's decision to impound Plaintiff's vehicle was not supported by probable cause and that there was no valid legal reason to

tow away and impound Plaintiff's vehicle.

19. Defendant City of Ligonier had a custom or widespread practice of automatically towing or impounding vehicles even when (1) a willing and licensed driver was present on the scene, and (2) the initial stop was for an infraction or a minor driving offense that did not require the vehicle to be towed or impounded for evidentiary purposes.

20. Upon information and belief, and upon the conduction of discovery, Plaintiff maintains that this matter should be certified as a class action pursuant to Rule 23 of the Indiana Rules of Trial Procedure in that:

    1) The class may be so numerous that joinder of all members is impractical (depending upon discovery);

    2) There are questions of law or fact common to the class;

    3) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

    4) The representative parties will fairly and adequately protect the interests of the class.

21. As a result of the unlawful towing and impoundment of Plaintiff's vehicle, Plaintiff lost the use of her vehicle during the time that it was impounded; Plaintiff was further damaged in that she had to pay towing charges and impound fees of approximately $300.00 in order to retrieve her vehicle after its unconstitutional seizure.

22. Plaintiff seeks injunctive relief in the form of an Order from this Court requiring the City of Ligonier to articulate and implement a constitutional policy, to-wit, allowing a licensed driver to drive the vehicle from the scene as opposed to requiring that the vehicle be towed and impounded. This policy is consistent with <u>United States v. Duguay</u>, 19 F.3d

346, 352-53 (7th Cir. 1996). The policy should reflect that a decision to impound the vehicle is only proper if the arrestee is unable to provide for the speedy and efficient removal of the car from public thoroughfares or parking lots.

23. Plaintiff alleges that the City of Ligonier had a constitutionally deficient policy, or is liable for having a "policy of omission", as Plaintiff was not afforded the ability to have her mother or grandmother drive the vehicle away from the scene when they were both available and both had valid driver's licenses.

24. Plaintiff seeks injunctive relief regarding the implementation of a valid policy and requests that the "policy of omission" be cured by the development and implementation of an appropriate policy consistent with *Duguay*.

25. Plaintiff seeks damages against Officer Brayden D. Becker in his individual capacity as a police officer with the City of Ligonier who acted consistent with Ligonier's unlawful policy by refusing Plaintiff's relatives the ability to drive Plaintiff's vehicle away, and instead, ordering that the vehicle be towed and impounded. Officer Becker was acting in his individual capacity as a police officer under color of law and is liable in his individual capacity under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. Defendant Becker is liable for the unconstitutional seizure of Plaintiff's vehicle and is liable for all towing and storage fees/impound fees suffered by the Plaintiff as well as other compensatory damages, and because he acted intentionally, he is liable for punitive damages.

WHEREFORE, Plaintiff prays for judgment against the City of Ligonier and Officer Brayden D. Becker, for injunctive relief, compensatory damages, punitive damages as against Officer Becker, reasonable attorney's fees and costs against both the City of Ligonier and Officer

Becker under the Fourth Amendment and 42 U.S.C. § 1983, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

MYERS & WALLACE, LLP

*/s/ Christopher C. Myers*
Christopher C. Myers, 10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:  (260) 424-0712
E-mail:  cmyers@myers-law.com
*Counsel for Plaintiff*